UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. _____

[ 3:11-cr-00072-MOC]

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **CHARLIE WAYNE BRYANT,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on a pleading substantively captioned as "Breaking Amendments 8 & 5" (#66) at 2. Close review of the document reveals that defendant is complaining about conditions of his confinement in a federal penitentiary in Terra Haute, Indiana. As such, the court determines that such pleading is an attempt to file a complaint in a Bivens-type action. See Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

While the Western District of North Carolina is the court of defendant's conviction, the instant pleading does not challenge that conviction, but instead challenges the conditions of his confinement in Indiana. "A Bivens action ... is the federal equivalent of the § 1983 cause of action against state actors, [it] will lie where the defendant has violated the plaintiff's rights under color of federal law." Brown v. Philip Morris, Inc., 250 F.3d 789, 801 (3d Cir.2001). To bring an action challenging conditions of confinement in Terra Haute, defendant needs to bring such a claim in the United States Court for the Southern District of Indiana (the district of his confinement) after exhausting such administrative remedies within the BOP as may be available to him. Deeming such motion to be a Complaint filed under Bivens, the court will dismiss the

Complaint without prejudice as to refiling it in the Southern District of Indiana.[1]  The court expresses no opinion on the merits of such petition.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's motion captioned "Breaking Amendments 8 & 5" (#66) is **DEEMED** to be a Complaint in a Bivens action, the Clerk is instructed to open a civil action, and such Complaint is **DISMISSED** without prejudice as to refiling such Complaint in the United States Court for the Southern District of Indiana.

Signed: June 12, 2013

Max O. Cogburn Jr.
United States District Judge

---

[1] While the court has the discretion to transfer such Complaint to the Southern District of Indiana, the court declines to do so as it appears from the face of the pleading that defendant has not alleged exhaustion of his BOP remedies.  Further, he has not submitted a filing fee, has not named the individual federal defendants, and has not requested to file such action *in forma pauperis*.  Based on such deficiencies, it would be a waste of judicial resources to transfer such a pleading.  By dismissing this action without prejudice, defendant's right to file a Bivens action is well preserved as it appears that he has not exhausted his administrative remedies.