UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cr-00072-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **CHARLIE WAYNE BRYANT,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on two hand-written letters from defendant. Defendant remains represented by counsel and the Amended Judgment (#83) is presently on appeal. The court has closely reviewed the letters of defendant, which appear to be accounts of interactions defendant has had with his counsel, his jailers, and fellow inmates. Defendant complains of missed meals, missed medications, discomforts encountered in transit, and assaults by fellow inmates while in the custody of the Bureau of Prisons at facilities outside of the Western District of North Carolina. At one point in his letter (#95), defendant appears to ask for authorization to file a "Bivens action" captioned "Bryant vs. USP Terre Haute, IN." Letter (#95) at 5.

After careful review, there is nothing this court can do for defendant as the events complained of occurred outside this court's jurisdiction. 28 U.S.C. § 1391(b). Thus, this court is without authority to "authorize" any action for events that allegedly occurred in Indiana. If plaintiff desires to file an action, he will need to do so in the district in which such actions allegedly took place, not the district where he was sentenced. The court has considered whether to treat the letters as a Complaint and transfer such to an appropriate district under 28 U.S.C. § 1406(a).

Review of the letters does not reveal that they were intended to be a Complaint as they lack any discernable caption, jurisdictional statement, or request for relief.  Letter (#95).  The second letter discusses interactions with defendant's former counsel (among other matters which appear to predate this action).  It does not appear that such discussion rises to the level of a collateral attack on this court's judgment.  <u>See</u> Letter (#96) at 1.

Close review of the letters both individually and together does not reveal that any relief is available from this court other than to instruct defendant, as follows: (1) complaints concerning the conditions of his confinement need to be filed in the district where those events allegedly occurred and that Terre Haute is located in the Southern District of Indiana; and (2) complaints concerning the effectiveness of  counsel must be filed within one year of the Amended Judgment becoming final in the form of a motion under Section 2255.

## ORDER

**IT IS, THEREFORE, ORDERED** that to the extent defendant seeks relief from this court in his letters (##95 & 96), such relief is denied without prejudice.

Signed: May 5, 2015



Max O. Cogburn Jr
United States District Judge